Rick G. Brewster
1513 Flamingo Way
Sunnyvale, CA 94087
(408) 857-7814
(408) 730-6964 (FAX)

Daomin Yang
1513 Flamingo Way
Sunnyvale, CA 94087
(408) 505-7268
(408) 730-6964 (FAX)

Plaintiffs

Filed NOV 2 0 2007 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **Rick Brewster and Daomin Yang** | Case No.: C 07-03011 RS |
| **Plaintiffs** | |
| V. | |
| **Michael Chertoff,** Secretary of U.S. Department of Homeland Security; **Emilio T. Gonzalez,** Director of U.S. Citizenship and Immigration Services; **David N. Still,** District Director of USCIS for San Francisco and San Jose Sub Office; **Francis D. Sicilicano,** Officer-In-Charge of USCIS Sub Office for San Jose: **Robert S. Mueller, III,** Director of the Federal Bureau of Investigation | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |
| **Defendants** | |

## NOTICE OF MOTION

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that this matter may be heard before the Honorable Richard Seeborg, United States Magistrate Judge, United States District Court Northern District of California, San Jose Division. Plaintiffs will and hereby move the Court for summary judgment against all Defendants, and in acceptance of the Court's decision that discovery be presently stayed without prejudice, Plaintiffs will and hereby contend that Plaintiffs are entitled to judgment as a matter of law.

## MOTION

Plaintiffs Rick Brewster and Daomin Yang in the above-captioned case, by and through pro se, hereby move this court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on this Notice, the points and authorities in support of this motion, the complaint and documents attached thereto, and upon such matters that may be presented to the Court at the time of hearing.

## STATEMENT OF RELIEF SOUGHT BY PLAINTIFFS

Plaintiffs seek summary judgment in their mandamus action for the Court to enter an order requiring Defendants to act in accordance with Plaintiffs First Amended Complaint and therein Prayer for Relief, in summary, for the FBI in expedited process to complete the name checks and any and all related security clearances on Plaintiffs' applications for adjustment of status, and for the United States Citizenship and Immigration Services (USCIS) to expeditiously process and adjudicate Plaintiff Brewster's I-130 petitions and Plaintiff Yang's I-485 applications to conclusion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

On October 24, 2003, Plaintiff Rick G. Brewster, petitioner within Petition for Alien Relative, form I-130, filed Petitions for Alien Relative for alien relative wife, Plaintiff Yang, and alien relative step-son, Yufei Zhao. Concurrent to Plaintiff Brewster's I-130 filing, Plaintiff Yang filed Applications to Register Permanent Resident or Adjust Status, form I-485, for herself and for derivative beneficiary son, Yufei Zhao. Plaintiffs' First Amended Complaint, paragraph 4, Defendants' admission to said paragraph within Defendants' Answer of August 20, 2007.

The Plaintiffs were subsequently interviewed at the San Jose Sub Office on March 3, 2004, and were informed that the petitions and applications for both wife Yang and stepson Zhao were approved other than for the pending completion of the FBI name checks. Plaintiffs' Original Complaint filed on June 11, 2007, Exhibit A, Adjustment of Status Notice for each Yang (exhibit page 1 of 2, Alien Registration No. 95253726) and Zhao (exhibit page 2 of 2, Alien Registration No. 96384308).

Plaintiffs' I-130 petitions and I-485 applications have now remained pending for more than four years from their date of filing. Further, the FBI name check process has continued in pending status for more than three years and eight months since Plaintiffs' USCIS interview.

## ARGUMENT

**A. Plaintiffs Represent Themselves Each Pro Se and Their Complaints Should Remain Joined**

Plaintiffs Rick Brewster and Daomin Yang, represent themselves each pro se in the present complaint upon Defendants. Plaintiffs Brewster and Yang, being husband and wife, have filed the present complaint jointly for sharing common familial interests and for being participants in an intertwined governmental process.

The pursuit of permanent resident status for Plaintiff Rick Brewster's wife and step-son rests on the concurrent filing by Plaintiff Brewster of a form I-130, Petition for Alien Relative, for each his wife, Plaintiff Daomin Yang, and his step-son Yufei Zhao, along with the filing of forms I-485, Applications for Adjustment of Status, by Plaintiff Yang for herself and son Yufei Zhao. The process and result is necessarily intertwined and the resulting benefits enure to both Plaintiffs, husband and wife, together. Similarly the lack of received benefits and hardships due to a long delayed and incomplete adjudication are suffered by husband and wife together.

Further, Rule 19(a)(2) of the Federal Rules of Civil Procedure calls for joinder of parties where "the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest". In the present case the subject of the action is the pursuit of permanent resident status for family members, wife and Plaintiff Daomin Yang, and son Yufei Zhao. The interest is shared by both Plaintiffs Brewster and Yang as husband and wife. It is sensible and expedient for the Court, and in keeping with the Rules of Civil Procedure, to maintain the presently joined complaint of unreasonably delayed completion of processing of Plaintiff Brewster's I-130 Petition for Alien Relative and of Plaintiff Yang's I-485 Application to Register Permanent Resident or Adjust Status.

The allowance of pro se representation in U.S. District Court is fundamentally the allowance of parties to represent themselves, as is the case with both Plaintiffs in the present case. The Court should not construe pro se representation as preventing a Plaintiff from self-representation in such case that he is a licensed attorney. Though Plaintiff Brewster is an active licensed attorney in the state of California, he represents himself in the present complaint, and not in practice for anyone else. Further, Plaintiff Yang also represents herself and has been a fully active participant in pursuing, researching, and digesting the legal arguments made. The

legal arguments supporting Plaintiffs' positions for mandamus are essentially identical whether they be for completion of Plaintiff Brewster's I-130 petitions or for Plaintiff Yang's I-485 applications. The original Complaint, First Amended Complaint and subsequent submittals have all been filed with both Plaintiffs Brewster and Yang listed as plaintiffs to the case and both have jointly signed these submittals.

Plaintiffs thereby argue that all claims should be maintained in evidence in the record, and that each Plaintiff should be allowed to continue to represent themself pro se, and that the present complaint for unreasonable delay of completion of adjudication of Plaintiff Brewster's I-130 Petition for Alien Relative and of Plaintiff Yang's I-485 Application to Register Permanent Resident or Adjust Status remained joined in the present action.

**B. All Defendants Should Remain Parties to the Case**

Plaintiffs have stated an Administrative Procedures Act claim against the FBI through its Director, defendant Robert S. Mueller, III. An agency's mandatory duty to act may be expressed in a single statute or from several congressional enactments which, read together, clearly imply a mandatory duty. *Kaplan v. Chertoff*, No. C 06-5304, 2007 U.S. Dist. LEXIS 22935, (E.D. Pa 2007). The Kaplan court held that Congress has, by implication, imposed on the FBI a mandatory duty to complete the background checks. Thereby, Plaintiffs argue that the APA requires that the FBI complete the name checks in a reasonable amount of time. For the fact, as stated in paragraph 9 of the Declaration of Hamzeh Sarsour of the San Jose Field Office of the USCIS, within Defendants' Motion for Summary Judgment, that "the application for adjustment of status of the Plaintiff remains pending only for the completion of the FBI name check", Plaintiffs argue that the FBI Director, Defendant Mueller, should be maintained as a defendant to the present case.

Plaintiffs further argue that because the power to order an expedited name check from the FBI lays within the hands and authority of the various officers of the USCIS, that all named

Defendants within the various levels and offices of the USCIS should be maintained as Defendants in the case.

## C. The Mandamus Act and the APA in Conjunction with 8 C.F.R §103.2(b)(18) Do Appropriately Provide Relief

   1. <u>Plaintiffs Seek to Compel Non-Discretionary Action</u>

Regulation 8 C.F.R §103.2(b)(18), entitled "Withholding adjudication", provides the source of the defendants' non-discretionary duty to "act" upon the plaintiffs' application. *Dong v. Chertoff*, 2007 WL 2601107 (N.D. Cal. Sept. 6, 2007) (holding delay in processing of I-485 application of close to two years to be unreasonable as a matter of law). In the present case, as in *Dong*, the withholding of adjudication for allowance of completion of a name check investigation, related to an I-485 application, was necessarily subject to the non-discretionary requirements of timely and repeated review contained within 8 C.F.R §103.2(b)(18). Stated therein, if an investigation has been undertaken and not completed within one year of its inception, the district director shall review the matter and determine whether the adjudication of the petition or application should be held in abeyance for six months or until the investigation is completed, whichever comes sooner. If after six months of the district director's determination, the investigation has not been completed, the matter shall be reviewed again by the district director and, if he/she concludes that more time is needed to complete the investigation, adjudication may be held in abeyance for up to another six months. If the investigation is not completed at the end of that time, the matter shall be referred to the regional commissioner, who may authorize that adjudication be held in abeyance for another six months. Thereafter, if the Associate Commissioner, Examinations, with concurrence of the Associate Commissioner, Enforcement, determines it is necessary to continue to withhold adjudication pending completion of the investigation, he/she shall review that determination every six months. Thereby, the Defendants have a non-discretionary duty to comply with the terms of 8 C.F.R §103.2(b)(18) in

order to lawfully withhold adjudication. *Dong, p. 11.* Plaintiffs contend that Defendants in the present case have not shown evidence of compliance to the terms of 8 C.F.R §103.2(b)(18), that no reviews by the district director or the Associate Commissioners have been conducted upon the withholding of the adjudication on the present I-130 petitions and I-485 applications, and thereby this Court has subject matter jurisdiction under the APA, the mandamus statute, or both, to compel the agency action requested in Plaintiffs' First Amended Complaint Prayer for Relief.

Further, Plaintiffs argue that the APA's general directive that agencies act in a timely manner does prescribe a non-discretionary duty to complete adjudication within a reasonable time, considering due regard for the convenience and necessity of the parties or their representatives.

2. <u>Plaintiffs Seek to Compel Completion of Adjudication, Not a Notice of Approval</u>

Plaintiffs, having amended their Prayer for Relief from their original complaint to that within their First Amended Complaint, do not request or compel a notice of approval, rather Plaintiffs request expedited completion of name checks from the FBI and expedited completion of adjudication of Plaintiff's I-130 petitions and I-485 applications.

A law speaking specifically to the right to expedited name checks is not requisite to Plaintiffs successful argument and prayer for such from this Court. The legal foundation for this Court's finding for the Plaintiffs rests on the APA's directive that agencies act in a timely manner, coupled with the statutory structure of 8 C.F.R §103.2(b)(18) calling for the non-discretionary review of adjudications which are being held in abeyance to be conducted at repeated six month intervals, with higher authority levels of review after two years of abeyance.

**D. The Delay is Unreasonable as a Matter of Law**

1. <u>The Rule of Reason Governing the Agency Decisions at Issue Has Not Been Met</u>

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 7

The deference to the FBI's "first-in, first-out" processing approach argues for an expedited process to be applied to Plaintiffs' name checks. The request for name check upon Plaintiff Yang is stated in the declaration of Hamzeh Sarsour as having been made on November 20, 2003, some four years ago. The Defendants have offered no evidence or explanation as to why this is reasonable, nor why a "first-in, first-out" rule would call for anything but an expedited process on a four year old name check case.

2. <u>A Specific Congressionally Mandated Timetable Is Unnecessary to a Determination of Unreasonableness of Delay</u>

The APA's directive that agencies act in a timely manner, coupled with the statutory structure of 8 C.F.R §103.2(b)(18) calling for the non-discretionary review of adjudications which are being held in abeyance to be conducted at repeated six month intervals, with higher authority levels of review after two years of abeyance, provides the basis for this Court's determination as to the unreasonableness of delay. No other, more specific, congressionally mandated timetable is necessary than that provided for in 8 C.F.R §103.2(b)(18).

Even though there may be no explicit statutory or regulatory standards to determine Plaintiffs' 40+ months' waiting time as being unreasonable, many courts have found similar delays in adjustment of status applications to be unreasonable. See *Song v. Klapakas*, No. 06-05589, 2007 U.S. Dist. LEXIS 27203 (E.D. Pa. April 12, 2007) (finding a nearly two-year delay unreasonable); *Galvez v. Howerton*, 503 F. Supp.35, 39 (C.D. Cal. 1980) (holding a six-month delay as unreasonable); *Paunescu v. INS*, 76 F.Supp.2d 896, at 901-902 (N.D. Ill. 1999) (holding a ten-month delay as unreasonable); *Yu v. Brown*, 36 F.Supp.2d 922, 932 (D.N.M. 1999) (holding a two-and-a-half year delay as unreasonable). The Citizenship Promotion Act of 2007 (S. 795) recently introduced on the Senate floor would, in fact, require the Attorney General to make reasonable efforts to complete background checks of applicants for temporary or permanent residence or citizenship within 90 days.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT - 8

Further, Plaintiffs argue if there were absolutely no time constraint on when applications have to be adjudicated, Defendants would have the absolute "power to decide whether it would decide." *Razaq v. Poulos*, No. 06-2461-WDB, 2007 WL 61884, at *4 (N.D. Cal. Jan. 8, 2007) See *Id.* ("Congress had to have intended the executive branch to complete these 'adjudications' within a reasonable time – because imposing no time constraint at all on the executive branch would be tantamount to giving the government the power to decide whether it would decide ... A 'duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide."); *Yu v. Brown*, 36 F. Supp.2d 922, 932 (D.N.M. 1999) ("[B]y necessary implication the adjudication must occur within a reasonable time. A contrary position would permit the INS to delay indefinitely. Congress could not have intended to authorize potentially interminable delays.").

Therefore, when the statute fails to specify temporal limitations, the Administrative Procedure Act (APA) requires the federal agencies to act upon matters presented to them "within a reasonable time." The APA provides:

> "(b) . . . With due regard for the convenience and necessity of the parties or their representatives, and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it."
>
> 5 U.S.C. §555(b) (emphasis added). As a matter of fact, a majority of courts have held that the APA does impose such a time requirement on processing permanent residence applications. See *Kim v. Ashcroft*, 340 F.Supp.2d 384, 393 (S.D.N.Y. 2004) ("Whether to *adjudicate* an adjustment application is not discretionary, but governed by section 6 of the APA, requiring the CIS to take action on a matter presented to it 'within a reasonable time.'") (emphasis original); *Valenzuela v. Kehl*, No. 05-1764, 2006 U.S. Dist. LEXIS 61054 (N.D. Tex. August 28, 2006) ("Many courts, including the United States District Court for the Northern District of Texas, have held in immigration cases that petitioners and applicants

have a clear right to have their adjustment applications and visa petitions adjudicated within a reasonable time of their filing.") (citing *Alkenani v. Barrows*, 356 F.Supp.2d 652, 656 (N.D. Tex. 2005); *Elmalky v. Upchurch*, No. 06-CV-2359-B (N.D. Tex Mar. 28, 2007); *Paunescu v. INS*, 76 F.Supp.2d 896, 901 (N.D. Ill. 1999); *Yu v. Brown*, 36 F. Supp.2d 922, 932 (D.N.M. 1999) (holding that INS "owe[s] Plaintiffs a non-discretionary duty to complete processing of Plaintiffs' [LPR] applications in a reasonable time."); *Gelfer v. Chertoff*, No. 06-cv-06724-WHA, 2007 WL 902382 (N.D. Cal. Mar. 22, 2007) ("Allowing the respondents a limitless amount of time to adjudicate petitioner's application would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. 555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R. 245.2(a)(5)") (citing *Singh v. Still*, No. 06-2458, 2007 U.S. Dist. LEXIS 16334 (N.D. Cal. Jan. 8, 2007)); *Wu v. Chertoff*, No. 06-07880, 2007 U.S. Dist. LEXIS 33816 (N.D. Cal Apr. 25, 2007); *Agbemaple v. INS*, No. 97 C 8547, 1998 WL 292441 (N.D. Ill. May 18, 1998). Although only the USCIS is the agency that adjudicates I-485 applications, when it contracts out part of the processing work of security and background checks to the FBI, the FBI's duty is subsumed under that of the USCIS. The APA thus requires both of them to complete their investigations in a timely manner in order for USCIS to perform its adjudication duty within a reasonable time.

    3.    <u>The National Interest is Unmet When Background Checks Remain Dormant</u>

Plaintiffs recognize that the name check process is needed and useful in protecting the national security and ensuring the integrity of the immigration process. And further, in no manner do Plaintiffs take the security of the U.S. and the safety of the American people lightly by filing their Complaint. However where background check processing is long delayed and

effectively dormant, as Plaintiffs contend this case to be, no national interest is being met by the USCIS holding completion of adjudication in abeyance.

Further, as in *Dong v. Chertoff*, p.16, there is no evidence before this Court suggesting there are any national security issues implicated in the present applications. And the thoroughness of background checks must be weighed against the need to actually conduct them. As in *Dong*, Plaintiff Yang is currently living and working in the United States and has so for over nine years, and son Zhao has been attending junior high and high school in the United States for over four years. "If there is some legitimate national security concern" with Plaintiff Yang or son Zhao, "this surely militates in favor of prompt security checks, not in favor of delay". *Dong* quoting *Cf. Toor v. Still*, 2007 WL 2028407, at *2 (N.D. Cal. 2007).

4. <u>The Expedition of Plaintiffs' Background Checks and Adjudication Is Warranted and The Order of Application Submittals Argues for Such</u>

Plaintiffs are not asking the Court to short-circuit the name check process, but to compel the Defendants to act on this case which has fell far behind their own norms of time for processing. By the admission of the DHS Office of Inspector General, the USCIS does have problems with a fraction of security, name and background checks, and those problems arise from the inefficiencies within the system rather than national security threats. On page 24 of the document entitled "A Review of U.S. Citizenship and Immigration Services Alien Security Checks", the authors state the following:

> "USCIS has established structure for handling cases with security check hits and addressing national security, public safety and fraud concerns. *However, for a fraction of cases, slow, inconclusive or legally inapplicable security check result can cause application processing to stall for months or even years.* These delays can interfere with USCIS' concluding national security and public safety hits with timely denials or referrals to law enforcement. In addition, stalled cases decrease

operational efficiency by decreasing productivity and contributing to hundreds of lawsuits against USCIS."

DHS Office of Inspector General, *A Review of U.S. Citizenship and Immigration Services' Alien Security Checks*, OIG-06-06, November 2005, available at http://www.dhs.gov/xoig/assets/mgmtrpts/OIG_06-06_Nov05.pdf (emphasis added).

### 5. The Exercise of Every Agency Effort to Address the Delay Argues for an Expedited Process

Defendants have offered no evidence as to any FBI name check activity having been conducted or completed regarding the processing of Plaintiff Yang's name check since the request was made by the USCIS in November of 2003. An expedited name check process is accepted as one regularly conducted by the FBI and available to the USCIS. Plaintiffs argue that after four years of incomplete adjudication of Plaintiff's I-130 petitions and I-485 applications, in conjunction with the obligation of Defendant USCIS officers to conduct regular six month evaluations as called for in 8 C.F.R §103.2(b)(18), that an expedited name check process should have been requested of the FBI by the USCIS or self-initiated by the FBI.

Further the Defendants have offered no evidence of having a process for tracking and conducting reviews of long due name checks so to assure that name check processes cannot go dormant. USCIS monitoring of the FBI provided status does not constitute every effort that could and should be employed on a four year old case.

## E. Subject Matter Jurisdiction Is Held By This Court

On the issue of subject matter jurisdiction challenged by Defendants, Plaintiffs contend that this Honorable Court has original jurisdiction over this matter because Plaintiffs are seeking a mandamus action to compel Defendants to perform a *nondiscretionary* duty, which is to *adjudicate* Plaintiffs' I-130 petition and I-485 applications for permanent residency, which have

been stalled due to excessive delays in the Name Checks conducted by the Federal Bureau of Investigation (FBI). Plaintiffs contend that the Administrative Procedure Act (APA) when taken together with the Immigration and Nationality Act (INA) and the Code of Federal Regulations (CFR), establishes a clear right for them to have their I-130 Petition and I-485 applications adjudicated. Plaintiffs additionally refer the Court to *Dong*, wherein that court addressed the issue of whether subject matter jurisdiction is appropriate in light of similar circumstances and the same applicable statutes, and found subject matter jurisdiction to indeed be held.

Further, since Defendants do not dispute the timeline of the events stated in Plaintiffs' original Complaint, Plaintiffs contend that Defendants' delay in processing their applications is unreasonable as a matter of law, that Plaintiffs could and should employ an expedited name check process but have not, and that Defendants in unreasonably delaying action on Plaintiffs applications and failing to expedite the name check after more than four years, are in violation of the APA, and as result are the proximate cause for Plaintiff Yang and son Yufei Zhao to not receive completed adjudication for Adjustment of Status and Plaintiff Brewster to not receive completion of his Petitions for Alien Relative.

## F. Defendants' Motion for Summary Judgment and Prayer for Dismissal Within Answer Should Both Be Denied

Plaintiffs are entitled to relief under 28 U.S.C. §1361 and the Administrative Procedures Act as a matter of law. Under 28 U.S.C §1361, district courts have original jurisdiction to compel an officer of the United States to perform his duty.

In their Answer, Defendants offered as their First Affirmative Defense that this Court lacks subject matter jurisdiction over the present case and therein Plaintiffs' mandamus claims. However Plaintiffs contend, the district courts are vested with jurisdiction to compel administrative agencies to discharge a duty under the Mandamus Act. That statute, codified at 28 U.S.C. §1361, provides:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

28 U.S.C. §1361. Mandamus remedy is proper if "1) the plaintiff's claim is clear and certain; 2) the defendant official's duty to act is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt; and 3) no other adequate remedy is available." Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994).

Plaintiffs contend that in long delayed cases such as the present case where repeated inquiries with the USCIS is to no avail, this standard is met, that the completion of adjudication is non-discretionary, ministerial, plainly prescribed as to be free from doubt, and that no other remedy is available.

Plaintiff's particularly contend, though discretion may be exercised in the **grant or denial** of an I-485 application, that the Ninth Circuit has construed 8 U.S.C. §1252 as requiring the discretionary authority for an action to be *specified* in order for discretion to apply. See *Spencer Enterprises, Inc. v. USA*, 345 F.3d 683, 691 (9th Cir. 2003). It is argued that the **adjudication and completion** of I-485 applications is non-discretionary.

Defendants offered as their Second Affirmative Defense, that Plaintiffs' fail to state a claim upon which relief can be granted. In opposition, Plaintiffs contend that in Plaintiffs' Prayer for Relief in their First Amended Complaint, the relief requested is that the Court order the Defendants' to employ an expedited name check process to bring timely completion to the adjudication process. Further, this relief is justified and appropriate in response to the complaint of unreasonable delay in completion of processing, as stated in the complaint paragraph, paragraph 10, of the First Amended Complaint. It is noted to the Court that the Defendants' have not denied the particular point of Plaintiffs suffering unreasonable delay of completion of processing as is stated within the first sentence of the complaint paragraph of the original and First Amended Complaint, paragraph 10.

Defendants offered as their Third Affirmative Defense that no acts or omissions by the United States or its employees were the proximate cause of any injury or damages to the Plaintiff. In opposition, Plaintiffs contend that the Defendants' omission of implementing an expedited name check process after 48 months of non-completion of the name check, serves as proximate cause for the Plaintiffs to continue to suffer the costs and time burden as described in the Defendant admitted paragraphs 17 and 18 of the original and First Amended Complaint, and further this omission acts as proximate cause to the emotional distress, and loss of benefit that U.S. citizenship affords, as listed in paragraph 20 of the original and the First Amended Complaint.

Defendants offered as their Fourth Affirmative Defense that Defendants were acting with good faith, with justification, and pursuant to authority. In opposition, Plaintiffs argue that good faith does not serve as a defense against unreasonable delay and incompletion of process after 48 months. Plaintiffs also contend, notwithstanding the present motion for summary judgment, that for acceptance by this Court of such affirmative defense by Defendants, that it would minimally be a matter of fact determination yet to be conducted by this Court as to whether Defendants have truly acted with good faith, whether Defendants have justification as to the non-completion of the adjudication of Plaintiffs I-130 petition and I-485 application, and to what authority might the Defendants hold forth against the request and production of an expedited name check process.

Defendants' Fifth Affirmative Defense stated that the Defendants are processing Plaintiffs' applications to the extent possible at this time. Plaintiffs contend, notwithstanding the present motion for summary judgment, that for acceptance by this Court of such affirmative defense by Defendants, that such would minimally require a determination of fact yet to be made by this Court. Further Plaintiffs' contend that their prayed for relief as stated in the First Amended Complaint, should be granted for being within Defendants' ability and within the extent possible at this time.

Defendants' Sixth Affirmative Defense stated that their delay is not unreasonable as a matter of law. Plaintiffs argue, as particularly addressed in section D above, that there has been unreasonable delay and thereby the Defendants are in violation of the Administrative Procedures Act, 5 USC §701 et seq.

### G. Summary Judgment Should Be Granted To Plaintiffs

Summary judgment for the Plaintiffs is appropriate because the pleadings, when viewed in the light most favorable to the nonmoving party, demonstrate that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cleotex Corp. v. Catret*, 477 U.S. 317 at 323 (1986).

Plaintiffs argue that the Defendant's defenses have not been supported by factual evidence that Defendants' have and are acting with good faith, nor with any factual support that Defendants' are processing Plaintiffs' applications to the extent possible. On the contrary, the declaration by Hamzeh Sarsour, as provided in Defendants' Motion, provides no indication that any further processing had occurred on Plaintiff Yang's I-485 application since the request for FBI name check in November of 2003, and that the USCIS has been holding in abeyance the completion of adjudication of the I-130 petition and I-485 application since that time.

Further, the present case is very similar to the case recently decided in this Court's district. In *Dong v. Chertoff*, the U.S. District Court's Northern District of California Oakland Division held that a more than two year delay in I-485 processing was unreasonable as a matter of law. In that case as well as in the present, Defendants had not provided any evidence contrary to Plaintiffs' claim to have met all the requirements for adjustment of status. Further the delay of the USCIS in completing adjudication was driven by its waiting upon a much longer than normal and overdue completion of the FBI name check process. In *Dong*, the Plaintiffs had awaited two years and eight months following their Adjustment of Status case filing to gain their writ of mandamus to compel completion, as compared to four years in the present case. In this

case, as in *Dong*, Plaintiffs suffer adversely from not knowing if and when permanent residence status will be gained, from having to yearly repeatedly apply for advance parole for travel, and to yearly apply for work authorization grant, which is often problematic for having a narrow statutory timeline for application submittal prior to expiration of the previous authorization.

A two year delay has become generally accepted to be unreasonable as a matter of law within this district as held in *Gelder v. Chertoff*, 2007 WL 902382 (N.D. Cal. March 22, 2007) and *Clayton v. Chertoff*, 2007 WL 2904049 (N.D. Cal. Oct. 1, 2007).

### CONCLUSION

Plaintiffs submit that this Honorable Court should find Plaintiffs represent themselves each pro se and their complaints should remain joined, and all defendants should remain parties to the case. The Motion for Summary Judgment by the Defendants, as well as their Prayer for Dismissal within their Answer should both be denied.

Further, subject matter jurisdiction is properly held by this Court, and the Mandamus Act and APA do appropriately provide relief. The Court should find that the four years plus processing time of Plaintiffs I-130 petitions and I-485 applications is unreasonable as a matter of law. Plaintiffs' First Amended Complaint does state a claim upon which relief can be granted. For these reasons, Plaintiffs respectfully request that the Court grant summary judgment in favor of the Plaintiffs and a writ of mandamus be issued against all Defendants.

Dated  November 20, 2007

Respectfully Submitted,

_____          _____
Rick Brewster                                  Daomin Yang