SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICK G. BREWSTER and DAOMIN YANG, | No. C 07-3011 RS |
| Plaintiffs, | |
| v. | |
| MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Services; DAVID N. STILL, District Director of the U.S. Citizenship and Immigration Services for San Francisco and San Jose Sub Office; FRANCIS D. SICILIANO, Officer-in-Charge of the U.S. Citizenship and Immigration Service Sub Office for San Jose; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** <br><br> Date:   December 19, 2007 <br> Time:   9:30 a.m. <br> Courtroom:   4, 5th Floor |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Rick Brewster, an attorney and United States citizen, and his wife, Daomin Yang, a citizen of China, ask this Court to issue a writ of mandamus, compelling Defendants to reach a decision on the applications for adjustment of status to legal permanent residents (LPR) of Plaintiff Yang, and her son Yufei Zhao.  They assert that the delay in adjudicating the adjustment applications is unreasonable as a matter of law, and that they are entitled to a decision on the

Defendants' Opposition to Plaintiffs' Motion for Summary Judgment
C07-3011 RS                                                                        1

applications. To the contrary, the mere existence of delay is insufficient to establish that Plaintiff Yang is entitled to relief. Accordingly, Defendants respectfully ask this Court to deny Plaintiffs' Motion, and grant Defendants' motion for summary judgment.

## II.  ARGUMENT

### A.  PLAINTIFF BREWSTER CANNOT REPRESENT HIS WIFE IN FEDERAL COURT

Briefly, Plaintiff asserts that each of he and his wife are each representing themselves pro se. Pl. Mot. at 3-5. The applications at issue is that of his wife and son. Plaintiff contends that he has a right to join the litigation as an interested party. Defendants' assume that is a request for permissive joinder and oppose the motion.

### B.  THIS COURT SHOULD DISMISS PLAINTIFFS' CLAIMS AGAINST ALL DEFENDANTS EXCEPT CHERTOFF

Plaintiffs cite to an Eastern District of Pennsylvania case to support the argument that all Defendants should remain in the action. Pl. Mem. at 5-6. This Court has repeated held that the only proper Defendant in these mandamus actions, seeking identical relief, is Michael Chertoff. Accordingly, all other defendants should be dismissed. See Konchitsky v. Chertoff, 2007 WL 2070325, *6-7 (N.D.Cal. July 13, 2007) (granting motion to dismiss Robert Mueller: "However, courts squarely addressing the issue of whether they have jurisdiction to compel the FBI to perform name checks in connection with adjustment of status petitions have overwhelmingly concluded that they do not.... The court concludes that, while this court has jurisdiction over USCIS with regard to Konchitsky's I-485 application, there is no similar basis for this court to mandate action by the FBI."); see also Clayton v. Chertoff, 2007 WL 2904049, *3 (N.D.Cal. Oct.1, 2007) (following Konchitsky and dismissing Robert Mueller: "Although the FBI is responisble for conducting Plaintiff's background check, it is not housed within the DHS or the USCIS, which are charged with acting on Plaintiff's I-485 application."); Dmitriev v. Chertoff, 2007 WL 1319533, *4 (N.D.Cal. May 4, 2007) (dismissing Robert Mueller and stating that the only relevant Defendant is Michael Chertoff).

///

///

**C. PLAINTIFFS HAVE FAILED TO ESTABLISH THAT MANDAMUS IS AVAILABLE**

Plaintiffs cite to 8 C.F.R. § 103.2(b)(18), which provides for withholding of adjudication, citing to Judge Armstrong's decision in <u>Dong v. Chertoff</u>, 2007 WL 2601107 (N.D. Cal. Sept. 6, 2007). Pl. Mot. At 6. As in Dong, that regulation has not been invoked and is not relevant here.

Plaintiffs acknowledges that mandamus is available only if they establishes three factors exist: (1) their claim must be clear and certain; (2) the official's duty must be nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy may be available. Regardless, they present no facts establishing all three. Instead, they plainly assert that they have a clear right to adjudication of their applications. Plaintiff Yang has no such clear right. Indeed, as one Attorney General has stated, "aliens arriving at our shores must understand that residency in the United States is a <u>privilege</u>, not a <u>right</u>." Matter of Jean, 23 I&N Dec. 373, 384 (A.G. 2002); <u>see also</u> <u>Clark v. Smith</u>, 967 F.2d 1329, 1331-32 (9th Cir. 1992) ("An alien seeking admission into the United States only has such rights as Congress has granted him."). Here, contrary to Plaintiff Yang's belief, she has no "right" to adjustment of status. Adjustment of status is a discretionary immigration benefit. 8 U.S.C. § 1255(a).

Furthermore, the action Plaintiffs seek to compel is not U.S. Citizenship and Immigration Service's ("USCIS") action to take. Rather, Plaintiffs seek to compel the processing of their Federal Bureau of Investigation ("FBI") name checks. As noted above, no court has held that it has jurisdiction to compel that action. See, e.g., <u>Konchitsky</u>, 2007 WL 2070325, at *6 ("courts squarely addressing the issue of whether they have jurisdiction to compel the FBI to perform name checks in connection with adjustment of status petitions have overwhelmingly concluded that they do not"); <u>Yan v. Mueller</u>, No. H-07-0313, 2007 WL 1521732, at *7 (S.D. Tex. May 24, 2007) ("The precise issue presented in this case is the pace of the petitioner's name check investigation . . . . Congress simply has not imposed a deadline for the FBI to complete the mandatory name check investigations that are required for the adjustment of immigration status and naturalization."). Accordingly, because the Court cannot compel USCIS to issue a decision on Plaintiff Yang's application within a certain time frame without forcing the FBI to take certain

actions, Plaintiff Yang's claim is not clear and certain. Mandamus is not an available remedy. Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003).

### D. ADJUDICATION HAS NOT BEEN UNREASONABLY DELAYED

Plaintiffs posit that because their case has not yet been adjudicated, the delay is unreasonable. Pl. Mot. at 7-12. However, as set forth in the Declaration of Hamzeh Sarsour, attached to Defendants' Motion, USCIS monitors cases with pending name checks on a bi-weekly basis to identify those in which a response from the FBI has been received. See Sansour Decl. ¶12. Thus, contrary to Plaintiffs' contention, Defendants are acting diligently in their efforts to complete adjudication in a timely manner.

As explained in the Sarsour Declaration, there are three possibilities in this case: First, Plaintiff Yang's name check could be returned with "no record," in which case her application would be adjudicated in short order. Id., ¶16. Second, her name check might be returned with a positive response, necessitating further inquiry and time before reaching a decision on her application. Id. Finally, until the name check is received, USCIS cannot proceed. Id.

Aboushaban v. Mueller, No. C 06-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006), and Singh v. Still, 470 F. Supp. 2d 1064 (N.D. Cal. 2007), are distinguishable from this case. In Aboushaban, the plaintiff's application had been pending for nearly a decade. Aboushaban, 2006 WL 3041086, at *2. Furthermore, when the district court decided the motions for summary judgment, the FBI name check was complete. Id. Accordingly, the facts of Aboushaban do not comport with those of the case at hand.

Similarly, in Singh, there was a two and a half year delay between when the plaintiff filed his first adjustment application and his name check was initiated. Singh, 470 F. Supp. 2d at 1068. Here, there was no such delay. See Sarsour Decl. Furthermore, the court in Singh was concerned that the defendants had taken no action on the plaintiff's case until initiation of litigation. Id. Here, as stated above, Plaintiff Yang's application is monitored on a bi-weekly basis. Sarsour Decl. In addition, just weeks after the Singh decision, DHS exercised its discretion to set forth a policy regarding which cases merit expedited name checks. Plaintiff Yang's case meets none of the stated criteria. Id.

Plaintiff Yang further argues that because the majority of name checks are completed quickly, the delay in processing her name check is therefore unreasonable. See Pl. Mot. 13-15. One does not follow the other. To the contrary, the fact the vast majority of name checks are processed quickly argues against the existence of an unreasonable delay in this case. Eldeeb v. Chertoff, et al., No. 07cv236-T-17EAJ, 2007 WL 2209231, at *5 (M.D. Fla. July 30, 2007). As explained in the Sarsour Declaration, a small percentage of name checks require further investigation.

Plaintiffs rest their arguments on a single fact: the passage of time. However, "[t]he passage of time alone is rarely enough to justify a court's intervention in the administrative process, especially since administrative efficiency is not a subject particularly suited to judicial intervention." Singh v. Ilchert, 784 F. Supp. 759, 765 (N.D. Cal. 1992). Plaintiff have failed to establish any facts that show the delay is unreasonable. Further, Defendants have established good cause for the delay in processing Plaintiff Yang's application. Accordingly, Plaintiffs' Motion should be denied, and summary judgment should be granted in Defendants' favor.[1]

### III. CONCLUSION

For the foregoing reasons, the Government respectfully asks the Court to grant Defendants' Motion for Summary Judgment, and deny Plaintiff's Motion.

Dated: November 28, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

/s/
ILA C. DEISS
Assistant United States Attorney
Attorneys for Defendants

---

[1] Defendants note that Plaintiffs, pro se, also ask for EAJA fees. Should the Court grant Plaintiffs' motion for summary judgment, Defendants respectfully request the opportunity to fully brief the merits of Plaintiffs' EAJA request.

# CERTIFICATE OF SERVICE

**Brewster, et al. v. Chertoff, et al.**
**C 07-3011 RS**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

__X__  FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____  CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____  PERSONAL SERVICE (BY MESSENGER)

____  FEDERAL EXPRESS via Priority Overnight

____  EMAIL

____  FACSIMILE (FAX)

to the party(ies) addressed as follows:

Rick G. Brewster, Pro Se
Daomin Yang, Pro Se
1513 Flamingo Way
Sunnyvale, CA 94087
PH: 408.857.7814    FX: 408.730.6964
Email: rgbip@comcast.net

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this November 28, 2007 at San Francisco, California.

____/s/_____
LILY HO-VUONG
Legal Assistant

6